## SUPERIOR COURT.

### ABRAHAM C. DAYTON agt. GEORGE WILKES.

On the dissolution of and winding up of a *partnership*, where a valuable part of the partnership property consists in the *good will* of the business carried on by the partners (publishing a newspaper), such value, as much as the furniture of the office or debts due to the firm, must be protected and disposed of for the benefit of the creditors of the firm, or of the partners jointly.

Where there is a dissolution of a partnership in the business of publishing a newspaper, and the whole title to the paper is owned by one of the partners, or a purchaser under the firm, the court has no right, in the absence of any covenant or restriction on the subject, to restrain or interdict the establishment, by the other partner, of another paper devoted to the same objects, provided the latter paper is sufficiently distinguished from the former to prevent the doctrine of piracy of trade marks from applying.

*New-York Special Term, September,* 1859

MOTION to dissolve injunction.

CHARLES JONES, *for plaintiff.*
JAMES M. SMITH, JR., *for defendant.*

HOFFMAN, Justice. It is established by the papers before me that the plaintiff has the legal title to the partnership property, in connection with the defendant or his assignee; and that Tomlinson was only mortgagee. It is also established that the plaintiff and defendant were partners, and that, in fact, a dissolution has legally taken place by the assignment of the latter.

The usual consequences follow : the partnership must be wound up ; the parties enjoined from interfering with the property ; and a receiver be appointed to collect and dispose of it.

All this is conceded by counsel, and the only question of moment relates to the intended publication of a sporting paper by the defendant, and the propriety of the temporary injunction, which prohibited such publication.

The valuable part of the partnership property consists in the good will, so to term it, of the paper—that is, the celebrity which it has acquired under the name of *Porter's Spirit of the Times*, and the probability of that title continuing to attract custom. This value is partnership property, as much as the furniture of the office or a debt to the firm, and this must be protected and disposed of for the benefit of the creditors of the firm, or of the partners jointly. On the other hand (there being no covenant or restriction upon the subject), the court has no more right to prohibit the establishment of another paper devoted to the same objects than it would have to interdict the establishment of a book store by one partner in a book firm, after dissolution, on his own account, under his own name, and conducted with his own resources. It has been very correctly argued by the counsel of the plaintiff that the analogy of the rules as to trade-marks should apply to this case. I apprehend that if the whole title to *Porter's Spirit of the Times* were now in a purchaser under the firm, the defendant could not, within those rules, be prevented from publishing the paper he now proposes to send forth. Its headings, its vignette, its distribution into four columns instead of three, are sufficient to distinguish it from the present paper and to prevent the doctrine of piracy from applying.

The late case of *Churton* agt. *Douglass*, before Vice-Chancellor Wood, March, 1859 (1 *H. V. Johnson's Rep.* 174; *see Monthly Law Reporter for July*, 1859, *p.* 172), illustrates and supports the views now expressed.

The full protection of the property in the paper requires, however, that the receiver be empowered to carry it on until sufficient time is allowed to dispose of it advantageously.

The order for an injunction will be continued, except so far as it prohibits the defendant from publishing any paper, which will be omitted. A receiver will be appointed with the usual powers, and is to be authorized to edit and publish the paper for the period of —— weeks, within which time he is to sell the same. No costs on this motion to either party.