## WARD a. KELSEY.

*Supreme Court, First District; Special Term, November*, 1861.

INJUNCTION.—SUMMARY PROCEEDINGS TO RECOVER POSSESSION OF
LAND.

An injunction will not be granted, before judgment, for any purpose which can
be attained by other ordinary process of the law.
It ought not to issue for the purpose of restraining a judicial officer from tran-
scending his jurisdiction; a writ of prohibition being the proper remedy in such
a case.
It should not require the performance of any act, but only forbid performance.
*It seems*, that summary proceedings to recover possession of land can be restrained
by injunction, only when they are used as means of fraud.

Motion to dissolve injunction.

The action was brought by R. M. Ward, W. S. Gove, and
E. P. Morris, against Charles Kelsey.

*S. Sanxay*, for the plaintiffs.

BARNARD, J.—The complaint in this case prays for a decree
of specific performance against defendant, and for an injunction
restraining defendant from continuing a nuisance (to wit, per-
mitting a sunken crib to remain), and from molesting or annoy-
ing plaintiffs in the use and enjoyment of a pier and franchise;
and from taking or instituting any proceedings, or carrying on
any proceedings, to remove or oust plaintiffs from said pier, or
any part thereof, or an alleged unfinished addition to said pier,
or any part thereof; or from doing any act or thing to molest
or disturb plaintiffs in the enjoyment thereof, except to finish
the same according to an agreement mentioned in the com-
plaint.

A temporary injunction, to the effect as prayed for in the
complaint, has been issued. Defendant now moves its disso-
lution.

The only proceedings or interference which it is alleged de-
fendant contemplates, is the taking proceedings under the stat-

ute giving proceedings, familiarly known as "Summary Proceedings," to dispossess plaintiffs for non-payment of rent.

The injunction, so far as regards these proceedings, is sought to be sustained on the following grounds:

1. That the relation of landlord and tenant cannot exist as to a pier, and therefore a magistrate has no jurisdiction under the Summary Proceedings Act.

2. That the pier is situate in the city of New York, and therefore a magistrate in Brooklyn (before whom defendant had instituted proceedings) has no jurisdiction.

3. That no rent is due, inasmuch as, by the agreement, rent was not to commence till the addition to the pier (which addition was the subject of the demise) should be completed pursuant to the contract, which addition it is alleged is not so completed.

4. That plaintiffs have suffered damage far exceeding the rent, which they cannot recoup in summary proceedings under the statute.

5. That plaintiffs showing a right to a decree of specific performance, and the threatened acts of defendant being such as to place serious obstacles in the way of executing, if not to render wholly nugatory, a judgment for specific performance, the court will retain the injunction as an aid to the principal relief.

As to the 1st, 2d, and 3d grounds: It is an established principle of equity, that where a perfect remedy exists at law, or where, in an action at law, defendant can present his defence, there an injunction will not issue. There has been no change of this principle effected by the Code. Now, as to the 1st and 2d grounds, there is an ample remedy at law by the writ of prohibition, which issues when an inferior magistrate is about to, or has exceeded his jurisdiction. And as to the 3d ground: if the alleged facts exist, viz., that rent was not to commence till the addition should be completed pursuant to contract, and that such addition is not yet completed, these facts would undoubtedly constitute a perfect defence to the summary proceedings.

As to the 4th ground, it may be that unliquidated damages cannot be recouped in summary proceedings, but still they may be recovered in an action at law brought against defendant; and when that is the case, another element must exist before an injunction will issue to restrain a party from prosecuting an

action to collect a demand against which there exists in favor of the debtor a claim for unliquidated damages that cannot be recouped in such action; and that element is the irresponsibility of the party so prosecuting the action. No such irresponsibility of defendant Kelsey is suggested; on the contrary, it is alleged, and not denied, that the plaintiffs are irresponsible, and that if defendant succeeds in this action, he will, by reason of such irresponsibility, lose his claim.

As to the 5th ground: from the pleadings and affidavits submitted, this does not appear to me to be one of those cases in which the court will decree a specific performance; and for this reason, although the trial of the cause may produce a different result, a temporary injunction cannot be retained on this ground. But even conceding a case for a specific performance to exist, still this court is prohibited from restraining summary proceedings by the statute. The statute expressly provides: "The Supreme Court may award a certiorari, for the purpose of examining any adjudication made on any application hereby authorized; but the proceedings on any such application shall not be stayed or suspended by such writ of certiorari, or any other writ or order of any court or officers." The provision is imperative. It absolutely prohibits all interference whatever with any application authorized by the statute or the proceedings thereon.

It necessarily also extends to a contemplated application before it is actually made; for it would be a sheer violation of the statute, to hold that a party could be restrained from making the application, when, if he had made application, he could not be restrained from proceeding thereon. Such a doctrine would render the statute nugatory.

It will be observed, that the provision only refers to applications authorized by the statute. It consequently does not interfere with the issuing of a writ of prohibition, on the ground of a want of jurisdiction; as such writ must necessarily issue on the assumption that the proceeding is not authorized by the statute. So, too, when fraud pervades the proceedings themselves, an injunction may, perhaps, issue on the ground that a fraudulent proceeding is not authorized by the statute. These, however, are the only two instances in which any court or officer can interfere.

Now, in this case, no fraud in the proceedings themselves is alleged. A want of jurisdiction, it is true, is alleged. That, however, is, as above suggested, to be reached by a writ of prohibition, and not by injunction. The temporary injunction, however, restrains defendant from continuing a certain alleged nuisance or obstruction. Obedience in this respect can only be by removing the obstruction.

This removal is part of the specific performance prayed for.

If obedience to this temporary injunction in this respect is to be enforced, one part of the specific performance is obtained without a trial. If that can be done as to one thing, it may as to all, and so all cases of specific performance be determined on a motion without a trial.

If obedience is not to be enforced before trial, then this injunction should not stand. A temporary injunction should only be issued to *prevent* an act, not to *compel* the performance of one.

Motion granted, with $10 costs.