By the Court.—Bosworth, Ch. J.
The sale by Jones to White, on the dissolution of their copartnership, of his interest in it, and “the good-will of the entire business,” did not deprive Jones of the legal or equitable right to engage in, and prosecute a similar business, in the vicinity of the place of business of the dissolved firm. This seems to be so well settled, that nothing more is necessary than to refer to some of the prominent cases, affirming this doctrine (Crutwell v. Lye, 17 Ves. Jr., 344; Davis v. Hodgson, 25 Beau., 177; Churton v. Douglas, 1 H. V. Johnson, 176 ; Howe v. Searing, 6 Bosw., 354; Dayton v.Wilkes, 17 How. Pr., 510).
The complaint does not allege that the defendant, in prosecuting his business at 710 Broadway, represents it to be the same business which the dissolved firm carried on at 658 Broadway, or that he is conducting business at 710 Broadway, as successor to the late firm of “ Jones & White.” On the contrary, it avers that “ Jones has established a similar business, in all respects, to that of the old firm, in his own name, * * and still continues to carry on such business in his own name, * * such business being, in all respects, similar to that conducted by the said firm of Jones & White.”
That Jones has opened letters, etc., directed to “ Jones & White,” • “ Jones, White & Co.,” and to “Jones, White & Mc-Curdy,” intended for the plaintiff; that such letters were from customers of the late firm of Jones & White, and contained orders for goods; and that Jones has filled said orders, and received payment for the goods ordered.
Judgment is prayed that Jones be enjoined from receiving or opening any letters or orders directed as aforesaid, or from filling the orders, or from, in any way, interfering with the business of the former firm, or the good-will thereof; and for damages.
The defendant has a right to establish and carry on, in his own name, a business similar to that of the late firm, so long as he does no act to lead customers into the belief that he is carrying on business as the successor of the old firm, or that, when dealing with him, they are dealing with White, or with the person succeeding to the business of the late firm of Jones & White.
.To such loss of anticipated business or profits as the plaintiff may be subjected by the prosecution by Jones of a similar business, in his own name, conducted as the law will permit him to conduct it, the plaintiff must submit. If the good-will of the *338 business of the dissolved firm should prove less valuable, by such means, than the plaintiff estimated, it is his misfortune, and the law will not undertake to idemnify him, by enjoining Jones from prosecuting a similar business.
The- evidence offered to be given by the witness, Walker, wras properly rejected. The conversation offered to be proved, is not stated in the offer to have been made in the hearing of the plaintiff.
The. complaint does not allege that Jones, to induce White to enter into the contract of dissolution, represented that he did not intend to engage in a similar business in competition with, or in opposition to the plaintiff. It does not intimate the existence of any contract not evidenced by, or embodied in, the written contract of the 26th óf June, 1861. It does not attempt to raise any question of fraud by White, in obtaining the execution of that written contract. The case made, and the right to the relief sought, are founded on the rights growing out of the agreement which that expression imports, and its supposed violation.
The complaint does not allege that Jones has issued circulars, or published advertisements, the continuance of which should be enjoined. ,
The only relief prayed for, not disposed of by the views already stated, is an injunction restraining the defendants from receiving and opening letters addressed as stated in the prayer for relief, and from filling the orders. •
The evidence relating to this branch of the case warrants the findings of fact as found at’special term.
The only misconduct charged in the complaint against Platt, besides the opening of orders intended for the plaintiff, and filling such orders, is his forming a partnership with Jones, in the business conducted at ¡No. 710 Broadway, and continuing such partner, and interested in said business, having been the bookkeeper of Jones & White, well acquainted with its business, and those accustomed to deal with it, and knowing of the dissolution of that film; the articles of dissolution and their contents, and having signed the sime as a subscribing witness.
Except the allegation of opening letters and "orders, and filling the orders, no misconduct is imputed to him in the complaint.
The facts found in respect to the matter last-named, • do not authorize the court to interfere by action and injunction.
The judgment should be affirmed.