## SUPREME COURT.

### DIEDERICH FINCKE agt. THE POLICE COMMISSIONERS.

*Excise law — Liquor license — Section 4, chapter 549 of 1873—Effect of conviction of an employe of a violation of the statute — Injunction does not lie to restrain an illegal arrest.*

An injunction does not lie to restrain an illegal arrest, for the reason that if a party is illegally arrested he has a prompt and efficacious relief by *habeas corpus*, and also for the wrong he may sustain by an action for damages.

The plaintiff is a keeper of a tavern in the city of New York, at No. 620 Grand street. The commissioners of excise, on the 30th of April, 1883, granted him a license to commence on that date and to terminate on the 1st of May, 1884, to sell strong and spirituous liquors, wines, ale and beer, in quantities of less than five gallons, for which he paid the fee prescribed by law. F., a barkeeper of plaintiff, was convicted of keeping open said place unlawfully on Sunday, May 13, 1883.

Is a license forfeited by the conviction of an employe of the licensee, of a violation of the statute? Did such conviction of an employe of the licensee, of a violation of the statute (*sec.* 4, *chap.* 549 *of Laws of* 1873) forfeit his license, *quære.*

The temporary injunction granted enjoined and restrained the police commissioners and their officers from closing up the business of a tavern carried on by plaintiff at 620 Grand street, and from preventing the plaintiff or his employes from selling strong and spirituous liquors, wines, ales and beer, in quantities less than five gallons, at said tavern, except on Sundays or election days, or any days between the hours of one and five o'clock in the morning, and from arresting said plaintiff or his employes by reason of their carrying on the business of keeping

Fincke agt. Police Commissioners.

said tavern, or selling said wines, liquors, &c., until the further order of the court.

*Held,* that so far as the injunction relates to the arrest of the plaintiff or his employes, he has a perfectly adequate remedy at law for any injury which he may sustain by reason of the alleged unlawful action of the defendants, and the injunction cannot be continued.

It seems doubtful, even in case of the defendants threatening to close up the plaintiff's place of business, that he would be entitled to an injunction, because he has an adequate remedy at law against the defendants if they act illegally in closing such place of business by an action for damages.

*At Chambers, January,* 1884.

THIS is a motion to continue a temporary injunction restraining interference with plaintiff's business as a licensed liquor dealer.

*Platt & Bowers,* for plaintiff.

*D. J. Dean,* assistant corporation counsel, for defendants.

LAWRENCE, *J.*— The complaint, which is positively verified and used as an affidavit on this motion, alleges in substance that the plaintiff is a resident of this state, and has for many years carried on business as a keeper of a tavern in the city of New York, at No. 620 Grand street. That he is, and at all times has been, a person of good moral character, and has been, and still is, possessed of sufficient ability to keep such tavern, and the necessary accommodation to entertain travelers; and that such tavern is required for the actual accommodation of travelers at the place where plaintiff carries on his business. That in order, conveniently and properly, to carry on said business, it is necessary that strong and spirituous liquors, wines, ale and beer, in quantities less than five gallons at a time, should be sold. That on the 30th of April, 1883, he applied to the board of commissioners of excise for the city and county of New York for a license authorizing him to sell and dispose of strong and spirituous liquors, wines, ales and beer, in quantities less than five gallons, at

the aforesaid tavern. That the commissioners being satisfied that the plaintiff was a person of good moral character, and had sufficient ability to keep a tavern and the necessary accommodations to entertain travelers, and that a tavern was required for the actual accommodation of travelers at said place, and on said 30th day of April, 1883, issued and granted to him a license, to commence on said date and to terminate on the 1st of May, 1884, to sell strong and spirituous liquors, wines, ales and beer in quantities of less than five gallons. That plaintiff paid for said license the fee prescribed by law, to wit, the sum of seventy-five dollars, at the time of the granting of the same. That since said time he has carried on his aforesaid business in a lawful and proper manner, and that such license remains in full force and unrevoked. That the defendants French, Mason, Mathews and Nichols are police commissioners of the city of New York, and constitute the head of the department of police in said city. That the defendant Leary is a captain in said department, and is in charge of the Thirteenth precinct, within the territorial limits of which the aforesaid premises are located. That the defendants, combining and confederating together to injure this plaintiff, and without lawful cause or authority, have threatened and still do threaten to close up his aforesaid place of business, and to arrest any and all persons, including this plaintiff, who may be found in charge thereof and engaged in the lawful business of keeping the aforesaid tavern, and selling strong and spirituous liquors, &c., and have on two or three occasions within the last two days arrested and caused to be imprisoned certain of the plaintiff's employes who were engaged in their aforesaid lawful business. That plaintiff has no adequate means of redress for the injuries so threatened him except by the interposition of the equitable powers of this court, and that he has no sufficient remedy at law for the damages he may sustain. Wherefore he prays that the defendants, each and every one of them, their agents, &c., and all persons acting under their authority, may be enjoined

and restrained from interfering with him·in the conduct of his aforesaid business, or from closing up his said tavern, or from preventing him or those employed by him from selling at said tavern in the course of the said business there conducted, strong and spirituous liquors, wines, ale and beer, in quantities less than five gallons at a time, until the 1st day of May, 1884. On the return of the order to show cause, which was issued herein, the defendants read in opposition the affidavit of the defendant Leary, which stated that he is the captain of the Thirteenth police precinct of the city of New York. That John Freese, then a barkeeper employed by the said Diederich Fincke, the plaintiff in this action, was heretofore, on the 24th day of May, 1883, convicted in the court of special sessions of the peace of the city of New York, of keeping open a place where intoxicating liquors were sold, at 620 Grand street in the city of New York, the tavern or hotel of the plaintiff, unlawfully, on Sunday, May 13th, 1883. That annexed to said affidavit is a certified copy of said judgment, and that the license of said plaintiff to sell spirituous liquors referred to in the complaint was thereby forfeited and annulled.

Upon turning·to the record of conviction annexed to said affidavit, it appears that the record states that the record states that Freese was convicted, "on confession, of the misdemeanor of· unlawfully keeping open a place where intoxicating liquors were sold, on Sunday the 13th day of ·May,· 1883, and committed in said city of New York on the 13th day of May, 1883,. and after having duly elected to be tried by said court,. and having been duly arraigned and charged· upon the said· misdemennor, and having duly answered the same; it· was thereupon ordered and adjudged by the court that the said· John· Freese; for the misdemeanor aforesaid, whereof he is convicted, pay a fine of ten dollars; and it is ordered that he stand committed to the custody of the keeper of the city prison · of the· city of. New York until the said fine be paid, but not exceeding ten days.

It will be observed that the record of conviction does· not

state that Freese was convicted of selling liquors on Sunday, and of keeping open on Sunday the place of the plaintiff at 620 Grand street. That fact only appears from the affidavit of the defendant Leary, the police captain. The plaintiff, in his answering affidavit, alleges that in pursuance of section 4 of chapter 549 of the Laws of 1873, he was summoned by the board of excise of the city of New York to answer to the charge that the said John Freese, while in the deponent's employment, had been guilty of any violation of the excise law, or that there had been any such violation at deponent's tavern, 620 Grand street. That he attended before said board and that a full investigation of the matter was had, and that the board exonerated him from any violation on his part, or at his tavern, 620 Grand street, of any of the provisions of the excise law, and refused to annul his aforesaid license, and he alleges also that if Freese at any time violated the provisions of the excise law it was without deponent's personal presence. That he has never intended to violate in any manner the provisions of the said law, but has for fifteen years last past lawfully conducted his business of the keeping of a hotel at said place, and desires to be allowed to continue to do so. That the aforesaid place is an actual tavern. That he has a large number of rooms which are subject to the demands of any travelers who may there apply for board or lodging, and that he keeps a register, and that his bar is kept in connection with the said hotel and restaurant. Deponent further says that various police officers of this city, acting under the instructions of the defendant James Leary, have, on several occasions during the past week, called at his place of business and in distinct words ordered and directed the closing thereof, and have told deponent that he must close his place, and to threaten that if either he or his employes did not close such place they would arrest and remove them. That they did not make or threaten to make such arrests by reason of any charge that any crime or wrong had been committed, but they simply used that as a means to enable them to compel the closing of

the deponent's said place of business. That the deponent is willing to execute bonds in any amount that may be considered reasonable and proper for the further maintenance of the injunction pending the trial of this action.

Section 5 of chapter 549 of the Laws of 1873, entitled "An act to amend an act entitled an act regulating the sale of intoxicating liquors, passed April 11, 1870, and the act entitled an act to suppress intemperance and to regulate the sale of intoxicating liquors, passed April 16, 1857," provides, " section 21 of the act entitled an act to suppress intemperance and to regulate the sale of intoxicating liquors, passed April 15, 1857, is hereby amended so as to read as follows :

" SECTION 21. No inn, tavern or hotel keeper, or other person shall sell or give away intoxicating liquors or wines on Sunday or upon any day on which a general or special election or town meeting shall be held, and within one-quarter of a mile from the place where such general or special election or town meeting shall be held, in any of the villages, cities or towns of this state to any person whatever as a beverage  *  *  * Whoever shall offend against the provision of this section shall be guilty of a misdemeanor, and shall be punished for each offense by a fine not less than thirty dollars nor more than two hundred dollars, or by imprisonment not less than five days nor more than fifty days, or both such fine and imprisonment, at the discretion of the court."

Section 3 of said act of 1873, among other things, provides that "nothing herein contained shall be construed to prevent hotels from receiving and entertaining travelers at any time subject to the restrictions contained in this act, and the act hereby amended.

Section 4 of the act of 1873 provides as follows :

" Section 8 of said act is hereby amended so as to read as follows :

" SECTION 8. Any conviction for the violation of any provision of this act, or of the acts hereby amended, by any person or persons licensed, or at any place licensed, as herein

provided, shall forfeit and annul such license. The board of excise of any city, town or village may at any time, and upon the complaint of any resident of said city, town or village, summon before them any person or persons licensed as aforesaid; and if they shall become satisfied that any such person or persons has or have violated any of the provisions of this act, or of the acts hereby amended, they shall revoke, cancel and annul the license of such person or persons, which they are hereby empowered to do, and, where necessary, to enter upon the premises and take possession of and cancel such license. Upon an inquiry, the said board, or the party complained of, may summon, and the said board may compel the attendance of witnesses before them and examine them under oath."

It is this section of the act of 1873 upon which the defendants rely for their position that the conviction of Freese, the defendant's barkeeper, *ipso facto*, forfeited and annulled the license of the plaintiff. The plaintiff also relies upon the proceedings which were had before the board of excise commissioners under this section as supporting his position that his license was not revoked by a conviction of Freese. The counsel to the corporation cites in his points the case of *The People* agt. *Tighe* (5 *Hun*, 25) as conclusive upon this question. It will be observed, however, that in that case the defendant, who held a license commonly called a storekeeper's license, which authorized him to sell strong and spirituous liquors in quantities less than five gallons at a time, not to be drank on his premises, for the term of one year, was convicted of the offense of selling strong and spirituous liquors, &c., in quantities of less than five gallons, to be drank in the house, shop or liquor store of the defendant; and it was insisted by the district attorney that by section 4 of chapter 549 of the Laws of 1873, before referred to, the license of the defendant which had been offered in evidence on the trial was by such conviction forfeited and annulled, and therefore that the sale admitted and proved was in viola-

tion of the law. The counsel for the defendant insisted and contended that the conviction of the defendant in and of itself did not annul and forfeit the license, and that until the license was revoked by the judgment of some competent tribunal it was in full force and effect and justified the sales made by the defendant, as admitted and proved. But the court held that the conviction, *ipso facto*, by the express words of the statute of 1873, operated to revoke and annul his license, and that it did not any longer afford him any justification or protection.

In that case, the party who held the license had been tried and convicted of a violation of the excise law. The case is not, therefore, conclusive upon the point sought to be raised in this case, which is, that a license is forfeited by the conviction of an employe of the licensee, of a violation of the statute. The counsel to the corporation contends in this case that the statute is intended to effect the forfeiture and annulment of the license to sell liquor at the place named therein, in case of the conviction of any person for violating the excise law at the place licensed, on the ground that it is not only a license to a person permitting him to sell spirituous liquors at retail, but that it is also a license permitting spirituous liquors to be sold only at the one place named, and is therefore a permission to the person named to sell either in person or through employes, and he argues that when, therefore, it is provided by the statute of 1873 that any conviction for the violation of any provision of this act, &c., shall forfeit and annul such license, it is intended to provide that the conviction of the persons licensed for a violation of the excise law, or the conviction of any person violating the excise act at any place licensed, shall work the forfeiture of the license.

The case of *The People* agt. *Tighe*, before referred to, does not in terms go so far as to support this position. The defendant there had his day in court, and was defended by counsel. The plaintiff here, so far as the record discloses, was not

present at the trial of Freese, took no part in the proceedings, and the conviction of Freese was upon his own confession. Furthermore, the record itself does not show, as I have before stated, that Freese was guilty of a violation of the excise law at No. 620 Grand street. That fact is only made out by the affidavit of the defendant Leary. Whether a judgment which is relied upon to revoke the license of one man, by reason of the conviction of another, of a violation of the excise law, can be supplemented in that manner, particularly where the person whose license is to be taken away was not heard upon the trial of the party convicted, is perhaps doubtful. But in the view which I take of this case, it is not necessary for the disposition of this motion to definitely decide that point.

The temporary injunction granted upon the issuing of the order to show cause enjoined and restrained the defendants from closing up the business of a tavern carried on by the plaintiff at 620 Grand street, and from preventing the plaintiff or his employes from selling strong and spirituous liquors, wines, ales and beer in quantities less than five gallons at said tavern, except on Sundays or election days, or on any days between the hours of one and five o'clock in the morning, and from arresting said plaintiff or his employes by reason of their carrying on the business of keeping said tavern or selling said wines, liquors, &c., until the further order of the court.

The counsel to the corporation states in his points, preliminary to the argument of the questions presented on the motion, that the defendants desire to disclaim the assertion of any right to close up the plaintiff's place of business, but that they do claim the right to arrest any person found selling spirituous liquors at the hotel upon the plaintiff's premises, upon the ground that no legal license exists authorizing such sale; and he therefore contends that so much of the injunction as forbids the defendants to prevent the plaintiff or his employes from selling spirituous liquors, and to arrest the plaintiff or his employes for selling spirituous liquors, should

Fincke agt. Police Commissioners.

be vacated. It is perfectly well settled that an injunction does not lie merely to restrain an illegal arrest, for the reason that if a party is illegally arrested he has a prompt and efficacious relief by *habeas corpus*, and also for the wrong he may sustain by an action for damages (*See Birch* agt. *Kavanaugh*, 12 *Abb.* [*N. S.*], 410, 414, *decided by the general term of the third department; Murphy* agt. *Board of Police*, 63 *How. Pr.*, 396).

Assuming then that the plaintiff's license to sell liquors at his hotel did not become forfeited and annulled by the conviction of the barkeeper of a violation of the excise law on the 13th of May, 1883, it would appear that the plaintiff has a perfectly adequate remedy at law for any injury which he may sustain by reason of the alleged unlawful action of the defendants. So far as the injunction relates to such arrests, it cannot be continued under the authorities before referred to, and as the defendants in open court have disclaimed the assertion of any right to close up the plaintiff's place of business, there seems to be no reason for enjoining them from doing that which they do not intend to do. I should very much doubt, however, that even in the latter case the plaintiff would be entitled to an injunction, because he has an adequate remedy at law against the defendants if they act illegally in closing his place of business by an action for damages, and there is nothing in the papers before me to show that the defendants are not responsible pecuniarily for any damages which the plaintiff may thereby sustain.

It is unnecessary for me to consider the effect of the proceedings before the board of excise, which are referred to in the plaintiff's moving papers, if I am correct in my understanding of the authorities before referred to.

The motion to continue the preliminary injunction must be denied, with costs.