# New York Supreme Court.

*Special Term—April*, 1884.

## MILES ET AL. *against* JAMES.

Injunction in summary proceedings. Equity will not restrain an action of ejectment or summary proceedings, where it is apparent that the plaintiffs have a good defense to such action or proceeding at law.

Where several courts have concurrent jurisdiction, the right to determine the controversy belongs to the tribunal to which resort is first had.

If the plaintiffs, who are proceeded against as tenants, have a defense which is available at law, they must make it in the proceeding without resorting to a court of equity.

LAWRENCE, J.—This is a motion to continue a temporary injunction restraining the defendant, his servants, attorneys and agents from prosecuting or carrying on proceedings before the Honorable DAVID McADAM, Chief Justice of the City Court of New York, for the recovery of possession of the premises numbers 1237 and 1239 Broadway. Section 2265 of the Code of Civil Procedure provides that in proceedings of this nature, "if the final order awards the delivery of the possession to the petitioner, the issuing or execution of the warrant

thereupon cannot be stayed or suspended by any court or judge except in one of the following methods :

"First. By an order made, or an undertaking filed upon an appeal in a case, and in the manner specially prescribed for that purpose in this title.

"Second. By an injunction order granted in an action against the petitioner. Such an injunction shall not be granted before the final order in the special proceeding, except in a case where an injunction would be granted to stay the proceedings in action of ejectment brought by the petitioner, and upon the like terms, or after the final order, except in a case where an injunction would be granted to stay the execution of the final judgment in such an action and upon like terms."

An examination of the papers in this case, I think, shows that it is not one in which, if the action were for ejectment, an injunction would be issued.

In *High on Injunctions*, section 63, page 45, it is stated that "Equity will not retain an injunction restraining an action of ejectment where it is apparent that plaintiffs have a good defense to such action at law, and that the deed upon which plaintiff relies is void. And a preliminary injunction restraining proceedings in ejectment will be dissolved as to that portion of the property, the title to which can be properly determined in the legal forum. And it may be laid down as a general rule that equity will not restrain a person from the assertion of title to real estate unless the case be entirely free from doubt, and that where the title is being tested by an action of ejectment in a court of common law, having jurisdiction, the suit will not be enjoined, since the interference in such a case would be repugnant to the clearly established principle that, where different courts have concurrent jurisdiction, the right to determine the controversy belongs to that tribunal to which resort is first had."

In the case of Knox *v.* McDonald (25 *Hun*, 268) it was held that, to justify the granting of the injunction under

Miles v. James.

section 2265 of the Code, it must be shown that the plaint-
iff is making an' oppressive use of the judgment, or that
he has ceased to own the premises, or that the defendant
has, subsequently to its recovery, acquired some interest
or equity in the property which should be protected, or
that the judgment was obtained by fraud and collusion.
And it was also held by the general term of this depart-
ment (in Cassel v. Fisk, 2 N. Y. Civil Pro. 94–97) that
a case should be very clear to justify the restraint by
injunction of a summary proceeding instituted by the
landlord to recover the possession of premises for non-
payment of rent by the tenant. The cases of Sherman v.
Wright (14 N. Y. 228), Knox v. McDonald (supra) and
Armstrong v. Cummings (20 Hun, 313) are cited in the
opinion of the court in Cassel v. Fisk. The learned court
said in that case: "It is obviously the policy of the law
to compel the surrender to the landlord of demised prem-
ises upon failure to pay the rent reserved, and nothing
short of an extreme case, clearly established, will justify
an injunction to stay such summary proceedings against
the tenant."

It is claimed, however, in this case, that there are
certain equities existing between the parties which can-
not be passed upon by the learned chief justice of the
city court in summary proceedings, and that, therefore,
the plaintiffs bring this case within the rules stated in
the cases above cited. I am quite satisfied, from my
examination of the papers, that under the strict letter
of the leases, rent is due from the defendant to the
plaintiff. I am also quite satisfied that the claims
which the plaintiffs allege that they have against the
defendant, arising out of the contracts and leases referred
to in the complaint, are such as can be adequately pro-
tected by an action at law, and in such cases I under-
stand it to be well settled that an injunction will never
be allowed (see Broadwell v. Holcomb, 65 How. Pr. 502).

The allegation in the complaint that the defendant is

Miles *v.* James.

irresponsible is wholly denied in the defendant's answer,
and the case made by the plaintiff's affidavits I regard as
more than fully met by the answering affidavits of the
defendant. So far as it is claimed that the plaintiffs
have equitable rights, which are not cognizable in sum-
mary proceedings, arising out of the fact that they have
made the deposits called for by the original agreements,
it seems sufficient to say that such deposits were each of
them, under the terms of the agreement, made as security
for the rent which was to become due under said leases
during the last year of the terms thereby created. It
would not appear, therefore, that such deposits take this
case out of the general rule, nor that in consequence
thereof this court is authorized to stay proceedings in-
stituted under the statute to dispossess the tenants (see
Paine *v.* Rector, etc. of Trinity Church, 7 *Hun,* 89).

So far as it is claimed that the rent has actually been
paid, it is sufficient to say that, if it has been paid, that
fact can be made to appear before the justice before
whom the proceedings are pending. And so far as it is
alleged that there are unliquidated damages due to the
plaintiff, it is sufficient to say that such damages, even
if they exist, can be recovered in an action at law (see
Ward *v.* Kelsey, 14 *Abb. Pr.* 106–108, and cases already
referred to).

Again, if the plaintiffs have expended moneys in and
about the building of the theater, at the defendant's
request, such moneys can be recovered in an ordinary
action at law.

For these reasons I am of the opinion the motion
to continue the injunction should be denied, with costs.