(8 Misc. Rep. 299.)

### CLOSE v. FLESHER et al.

(Common Pleas of New York City and County, General Term.   May 15, 1894.)

1. INJUNCTION—WHEN GRANTED—PLEADING.
   To authorize a preliminary injunction, pursuant to section 603 of the Code of Civil Procedure, the complaint must exhibit a right to a judgment of injunction; and a defect in that regard may not be supplied by affidavit.

2. SAME—RESTRAINING BREACH OF CONTRACT.
   An injunction will not issue to restrain a breach of contract, where the complaint shows the damage to be susceptible to computation and recompense in money.

3. SAME—RESTRAINING SELLER FROM ENGAGING IN RIVAL BUSINESS.
   Upon the sale of, a business and its good will merely, without any restrictive engagement on the part of the seller, an injunction will not issue against his establishing a rival business, and soliciting the customers of the purchaser.

4. SAME—MANDATORY INJUNCTION.
   A mendatory injunction for specific performance of a contract will not be awarded on an interlocutory motion, except in a case of clear and urgent equity; nor then if the constant intervention of the court be requisite to enforce the performance.

(Syllabus by the Court.)

Appeal from trial term.

Action by Charles S. Close against Addison B. Flesher and another. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Ernest Hall, for appellants.
William L. Flagg, for respondent.

PRYOR, J.   On the face of the complaint the case is this:   The defendants, being owners of "a certain system of dress-cutting," and of a school for teaching dress-cutting and sewing, by written contract of sale transferred the school and its good will to the plaintiff, and engaged to supply him with the system, without which he was unable to conduct the school.   Afterwards the defendants opened a similar school, to which they entice plaintiff's pupils, and they refuse to furnish their system to the plaintiff.   By consequence the plaintiff has sustained damage to the amount of $2,000, for which he demands judgment, as well as an injunction compelling the defendants to observe their contract in the future.   An interlocutory order of injunction issued at special term in conformity with the prayer of the complaint, and the appeal is from that order.

The moving papers impute to the defendants no act which, if done pending the action, would tend to render the judgment ineffectual. It is obvious, therefore, that the order in question was allowed upon the principle of section 603 of the Code, which authorizes an interim injunction when the complaint exhibits a right to a judgment for injunctive relief.   Is the plaintiff entitled, upon the face of the complaint, to a judgment of injunction?   If not, the order is not to be upheld (McKinney v. Jewett, 90 N. Y. 267), and the defects of the complaint may not be supplied by allegations in affidavits

(Stull v. Westfall, 25 Hun, 1). The wrong for which the plaintiff claims redress is simply a breach of contract, and for such breach the complaint itself shows that damages will be a proper reparation. But where, as here, no equitable right or interest is involved, and an award of damages will be a sufficient recompense for the injury, a judgment for injunctive relief is superfluous and inadmissible. "Equity will not interfere to restrain the breach of a contract when the legal remedy is full and adequate." 3 Pom. Eq. Jur. § 1338; Savage v. Allen, 54 N. Y. 458; Harvester Co. v. Meinhardt, 9 Abb. N. C. 393; Fincke v. Police Com'rs, 66 How. Pr. 318. ˙ The injunction order operates—First, to restrain defendants from maintaining a rival school, and enticing away plaintiff's pupils; and, secondly, to compel defendants to furnish the books and appliances constituting their system. The complaint alleges only a sale of the school with its good will, and not also an agreement by plaintiff to refrain from establishing a similar school. But the sale of a good will merely implies no obligation to abstain from a rival business, or from soliciting the vendee's customers, and diverting his trade. White v. Jones, 1 Abb. Pr. (N. S.) 328, 337; Dayton v. Wilkes, 17 How. Pr. 510; 8 Am. & Eng. Enc. Law, 1368, 1369. True, in a rebutting affidavit, plaintiff claims an agreement by defendants not to set up a competing school; but the allegation is ineffectual, because—First, it is inadmissible to supplement the insufficiency of the complaint; secondly, it is incompetent to extend the scope of the written contract of sale; thirdly, it is discredited by the circumstance that it does not appear in the case as first presented by plaintiff, and is evidently inserted as an afterthought, to sustain the order against attack; and, fourthly, it is contradicted by the explicit assertion of defendants that they made no agreement for the sale of any rights or property, except "as directly covered and described in the contract." Accepting, however, the parol evidence of the pretended engagement, the proof of it is yet insufficient to authorize the injunction. Stephens v. Aulls, 3 Thomp. & C. 781. Still less valid is the provision in the order requiring the defendants to continue selling and delivering their system to the plaintiff. He has defaulted in payments for past sales; and surely it would be an anomalous exertion of the injunctive power of a court of equity to enforce a contract in favor of a party who has himself broken it, by compelling the other to furnish him goods for which he fails to pay. Chemical Co. v. Halleck (Com. Pl. N. Y.) 15 N. Y. Supp. 517, 519. Except in a plain and imperative case for equitable interference, a mandatory injunction will not issue on an interlocutory motion; and, indeed, as a rule, the relief is awarded only by final judgment. Ward v. Kelsey, 14 Abb. Pr. 106; Durell v. Pritchard, 1 Ch. App. 244, 250; Great Northern, etc., Ry. Co. v. Clarence Ry. Co., 1 Colly. 507; Westminster, etc., Co. v. Clayton, 36 Law J. Ch. 476; Kerr, Inj. 230, 231. The order obliges the defendants to furnish the system as "the plaintiff may require for the conduct of his school;" but how is it to be determined that the exigencies of plaintiff's business require a supply of the system, and in what quantity, except by application to the court on each and every occasion of pretended need? Then,

too, the court must make provision for payment to the defendants for the goods as delivered. This, beyond question, is a sort of specific performance, which the court, by interlocutory injunction, is incompetent to enforce. Fargo v. Railroad Co., 3 Misc. Rep. 205, 23 N. Y. Supp. 360. Order reversed, with costs and disbursements. All concur.