## SHEEHY v. BRONX GAS & ELECTRIC CO. et al.

(Supreme Court, Appellate Division, First Department. February 11, 1898.)

1. ACTION AGAINST CITY OFFICER—ILLEGAL ACT.

An action under Code Civ. Proc. § 1925, providing that an action to prevent waste of or injury to property of a city may be maintained against an officer thereof by a taxpayer, supplemented by Laws 1881, c. 531, as amended by Laws 1892, c. 301, providing that an action against an officer of a municipal corporation may be maintained by a taxpayer to prevent an illegal official act, or waste of or injury to its property, cannot be maintained where it is not alleged that such officer has done, or threatens to do, any dishonest and illegal official act; and the fact that a private individual is unlawfully injuring such property, without his knowledge, does not render him liable to such action.

2. INJUNCTION—SUFFICIENCY OF COMPLAINT.

A temporary injunction cannot be granted, under Code Civ. Proc. § 603, where the complaint, apart from other papers used on the motion, fails to state a cause of action.

Appeal from special term.

Action by Edward C. Sheehy against the Bronx Gas & Electric Company, the commissioners of the department of public parks, and the commissioners of the board of electrical control of the city of New York. From an order granting an injunction pendente lite, the Bronx Gas & Electric Company appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

Alfred B. Cruikshank, for appellant.
Joseph I. Green, for respondent.

McLAUGHLIN, J. The plaintiff, as a taxpayer, has instituted this action to restrain the commissioners of the department of public parks, and the commissioners of the board of electrical control, of the city of New York, from issuing a permit to the Bronx Gas & Electric Company to excavate, erect poles, or string electric wires in one of the public parks of the city, and also to restrain the gas company from doing such acts. He has, during the pendency of the action, accomplished by an order what he seeks to accomplish ultimately by a judgment. From this order the defendant gas company alone has appealed. It insists that the order must be reversed because the complaint does not state facts sufficient to constitute a cause of action against the defendants, or any of them. The plaintiff, on the other hand, insists that his right to maintain the action is conferred by section 1925 of the Code of Civil Procedure, as supplemented by chapter 531 of the Laws of 1881, as amended by chapter 301 of the Laws of 1892, and that he has brought himself within the provisions of this section and the statute by the complaint served. The section of the Code referred to provides that "an action to obtain a judgment, preventing waste of, or injury to, the estate, funds or other property of a county, town, city or incorporated village of the state, may be maintained against any officer thereof, or any agent, commissioner, or other person, acting in its behalf, either by a citizen, resident therein, or by a corporation who is assessed for and is liable to pay, or, within one

year before the commencement of the action, has paid, a tax therein."
Chapter 531 of the Laws of 1881, as amended by chapter 301 of the
Laws of 1892, so far as the same is applicable to the question under
consideration, provides that "all officers, agents, commissioners, and
other persons acting, or who have acted, for and on behalf of any
county, town, village or municipal corporation in this state, and each
and every one of them may be prosecuted, and an action or actions
may be maintained against them to prevent any illegal official act on
the part of any such officer, agent, commissioner or other persons, or
to prevent waste or injury to, or to restore and make good any prop-
erty, funds or estate of such county, town, village or municipal corpo-
ration," by any person whose assessment shall amount to $1,000, and
who shall be liable to pay taxes thereon in the county, town, village,
or municipal corporation, to prevent the waste or injury of whose prop-
erty the action is brought.

Upon examining the complaint, it is found that the plaintiff alleges
that he is a resident and taxpayer of the city of New York; that his
assessment amounts to more than $1,000, upon which he is liable to
pay taxes, and within one year prior to the commencement of the
action he has paid taxes on more than that sum; that Pelham Bay
Park is located in, and is the property of, the city of New York; that
all of the defendants, except the gas company, constitute either the
board of commissioners of the department of public parks, or the
board of electrical control of such city; that the defendant gas com-
pany, a domestic corporation, "is wrongfully and unlawfully, and with-
out warrant or authority of law, and without warrant or authority of
any person or board having such authority to give, excavating along
the roads, avenues, streets, or highways of Pelham Bay Park,    *   *   *
for the purpose of erecting poles to string electric wires or conductors
thereon, and is and has excavated in many places,    *   *   *   and has
erected poles for the said purpose,    *   *   *   and that the acts and
wrongful and unlawful conduct and actions of the defendant the Bronx
Gas & Electric Company is without authority of law, and is done with-
out authority, or lawful authority, of any board or person having
the right to give such authority,    *   *   *   and that the actions of
the said defendant tend to waste and injure the property of the said"
city; that certain of the defendants, "as commissioners of the depart-
ment of public parks,    *   *   *   by reason of the facts hereinbefore
set forth,    *   *   *   have permitted the waste of and injury to" the
property of the city; that certain other defendants, "as commissioners
of the board of electrical control,    *   *   *   by reason of the facts
herein set forth    *   *   *   are suffering and permitting the waste and
injury to the property of" the city; that the plaintiff has no adequate
remedy at law.    The judgment demanded is that the gas company be
perpetually enjoined and restrained from excavating, erecting poles,
or stringing electric wires in said park, and that the other defendants,
as commissioners of the department of public parks, and as commis-
sioners of the board of electrical control, be restrained from granting
any authority or permission to the gas company to make such exca-
vations, erect such poles, or string such wires.    It will be observed
that there is no allegation in the complaint, or the statement of any

49 N.Y.S.—69

fact from which it can be inferred, that the defendants, as commissioners of the department of public parks, or as commissioners of the board of electrical control, have granted, threatened, or intend to grant any permission, license, or franchise to the gas company to do the acts of which the plaintiff complains. It does not even appear that these officials have knowledge, either actual or constructive, of what the gas company has done or is now doing. Does the complaint, in the absence of such allegation, state a cause of action? I think not. To authorize an action against a public official under the section of the Code or the statute referred to, the act of which the plaintiff complains, and which he seeks to restrain, must be an illegal, official act. Potter v. Collis, 19 App. Div. 392, 46 N. Y. Supp. 471. The purpose of the statute is to prevent, not the acts of individuals, but illegal acts of public officers. The terms "waste" and "injury," used in the statutes, do not comprehend individual acts, but only illegal, wrongful, and dishonest acts of public officials. Talcott v. City of Buffalo, 125 N. Y. 280, 26 N. E. 263; Ziegler v. Chapin, 126 N. Y. 348, 27 N. E. 471. In Ziegler v. Chapin, supra, the court of appeals said:

"But the action authorized by section 1925 of the Code is one which the taxpayer may bring against the public officer because of some fraud or bad faith on his part, or to restrain some illegal action. * * * If the officer is honest and faithful, no suit against him is needed. The taxpayer may explain to him the facts, and discover to him the fraud; and the courts are open for his protection, and the means of redress are at hand. It is only when, in the face of explanation and knowledge, he still refuses to act, and persists in carrying out the wasteful contract, that an action against him is needed; and then it rests upon his misconduct,—upon his collusion and fraud,—which must be alleged and proved. The legislature could not have intended that the courts should supply intelligence and prudence to incapable officials, at the demand of a taxpayer, but manifestly did intend to give the latter protection against the dishonesty or fraud of the municipal agents."

Here no acts, legal or illegal, honest or fraudulent, on the part of the officials sought to be restrained, are alleged; and it requires neither authorities nor argument to show that an action cannot be maintained to restrain a public official, who has neither done, threatened, nor intends to do any act whatever. As well might an action be maintained to restrain or suppress a nuisance, before the nuisance had been created, threatened, or attempted. If the complaint does not state a cause of action, then it necessarily follows that the plaintiff was not entitled to the order appealed from. Before he could obtain an order of this character, he was required to show by his complaint that he had a good cause of action, and was entitled to a judgment against the defendants. Code Civ. Proc. § 603. The cause of action attempted to be alleged in the complaint cannot be perfected, for the purpose of sustaining the order, by the aid of the other papers used on the motion. The complaint must stand or fall by itself. It must show, independent of the other papers used, a good cause of action. McHenry v. Jewett, 90 N. Y. 58; Stull v. Westfall, 25 Hun, 1; Close v. Flesher, 8 Misc. Rep. 299, 28 N. Y. Supp. 737. This it does not do. It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.