(86 App. Div. 110.)

### FREEMAN v. FREEMAN et al.

(Supreme Court, Appellate Division, Fourth Department. July 7, 1903.)

1. PARTNERSHIP—ASSETS—SALE BY TRUSTEE IN BANKRUPTCY—RIGHT OF PURCHASER TO USE FIRM NAME.

Under Bankr. Act 1898, c. 541, § 70, subd. 5, 30 Stat. 565, 566 [U. S. Comp. St. 1901, p. 3451], vesting in the trustee in bankruptcy the title of the bankrupt to all his property which he "could by any means have transferred or which might have been levied upon and sold under judicial process," a trustee in the bankruptcy of a firm, and of the copartners as individuals, who sells the assets of the bankrupt's estate, consisting of store fixtures and stock in trade, the intent being to dispose of whatever interest the bankrupts had in the property, confers on the purchasers the right to advertise, by a store sign or otherwise, as "successors" to the bankrupt firm.

Appeal from Trial Term, Onondaga County.

Action by Frank E. Freeman against J. Irving Freeman and another. From a judgment for defendants entered on the report of a referee, plaintiff appeals. Affirmed.

The plaintiff, and the defendant J. Irving Freeman, were formerly engaged as copartners in the retail clothing business at the city of Syracuse, in this state, and carried on such business under the firm name of Freeman & Freeman. On the 27th day of August, 1901, they, as individuals, and. also as copartners, filed a petition in bankruptcy. Shortly thereafter they were duly adjudged bankrupts, and subsequently received their discharge. In the course of the proceedings a trustee was duly appointed, who took into his possession all the assets of every name and description, not exempt by law, of the partnership, as well as of the individual members thereof, and thereafter sold the same to one George Shaffer at public sale. Notice of this sale was given in due form, in which notice it was stated that the property to be sold was "the assets of said bankrupts' estate, and excepting only the debts due on open accounts or other choses in action, * * * being the personal property of said bankrupts, consisting of the store fixtures and furniture used by them upon the premises lately occupied by said bankrupts as a store at No. 122 South Salina street, in said city of Syracuse, and the merchandise and stock in trade, consisting of ready-made clothing, cloth, hats, and gentlemen's furnishing goods." Such notice further stated that "all of said property will be sold subject to any and all incumbrances thereon, the intent being to dispose solely of whatever interest said bankrupts had in said property at the date of adjudication." Upon the trial it was conceded that the defendants, as copartners, subsequently, by certain mesne transfers, succeeded to the ownership of all the property of the bankrupts which was sold by the trustee to Shaffer, and that upon obtaining the same they engaged in the retail and merchant tailoring business at the place formerly occupied by the firm of Freeman & Freeman, viz., No. 122 South Salina street, and that at the time this action was commenced they were conducting their business under the firm name of J. Irving Freeman & Co. The plaintiff alleges that in the conduct of such business the defendants advertised themselves in the newspapers as successors to Freeman & Freeman, and also used the old sign of that firm, with a smaller sign, placed directly over the same, on which appeared the words "J. Irving Freeman & Co., Successors to," so that the sign actually read, "J. Irving Freeman & Co., Successors to Freeman & Freeman"; and it was to restrain them from such

use of the old firm name that this action was brought. The defendants admitted the allegations above mentioned, but asserted that they had the right to advertise themselves as successors to the old firm, and the issue thus joined was duly tried before a referee, who decided in favor of the defendants; and it is from the judgment entered upon his report that this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Charles P. Wortman, for appellant.
John F. Nash, for respondents.

ADAMS, P. J.   It was found by the learned referee, upon evidence which fully sustained such finding, that all the newspaper advertisements by the defendants in which the words "Successors to Freeman & Freeman" appeared had been discontinued by them before any request had been received from the plaintiff so to do; that no use of the plaintiff's individual name had been made by them, or by any one in their employ, by their authority, knowledge, or consent, and that "the defendants have not done any acts calculated to deceive, delude, mislead, or impose upon the public, or to the injury of the plaintiff"; consequently the sole question to be considered upon this review pertains to the right of the defendants to in good faith advertise themselves by a store sign or otherwise as "successors" to the firm of Freeman & Freeman.

It was determined by the learned referee that the defendants possessed this right, and to sustain such conclusion it is now contended by the respondents that it was a right which passed to the trustee, under the assignment in bankruptcy, as one of the elements constituting the good will of the bankrupt concern, and that it was subsequently acquired by them when they purchased the assets of the late firm and those of the individual members thereof.   It is apparent, therefore, that, in considering the correctness of this conclusion, it is important to determine at the outset the essential characteristics of what is known in the commercial world as the good will of a trade or business.   Mr. Story, in his work on Partnership (section 99) defines it "as the advantage or benefit which is acquired by an establishment, beyond the mere value of the capital stock, funds, or property employed therein, in consequence of the general public patronage and encouragement which it receives from constant or habitual customers, on account of its local position or common celebrity, or reputation for skill or affluence or punctuality, or from other accidental circumstances or necessities, or even from ancient partialities or prejudices."   Thus, a merchant may acquire a reputation for fair dealing, or for the superior quality of the goods he sells, which gives him an advantage over rival dealers; or the location of his place of business may be such as to attract customers beyond that of his competitors in trade; and these, as well as other like circumstances, secure to him the good will of the trading public, which, it is needless to add, is a valuable adjunct to his business.   It is something incorporeal, it is true, but it is nevertheless properly regarded as a species of property, and, as such, an appreciable part of the assets

of the owner. It sometimes happens that the good will of a business, as, for instance, a newspaper establishment, constitutes the greater part of its value, and it may be the subject of contract and sale the same as any other species of property. Boon v. Moss, 70 N. Y. 465; White, Corbin & Co. v. Jones, 79 App. Div. 373, 79 N. Y. Supp. 583.

In the case of a partnership it was formerly the rule that its good will was somewhat of the nature of a joint tenancy, and that it belonged to the survivor upon dissolution. Hammond v. Douglass, 5 Ves. Jr. 539. But the more modern rule is that it is an asset of the firm, which may be sold or disposed of, like any other asset, for the benefit of creditors of the firm or of the partners jointly. Dougherty v. Van Nostrand, 1 Hoff. Ch. 68; Dayton v. Wilkes, 17 How. Prac. 510; Slater v. Slater, 78 App. Div. 449, 80 N. Y. Supp. 363, affirmed, so far as this particular question is involved, 175 N. Y. 143, 67 N. E. 224.

If, then, the good will of an establishment is, as we have seen, an assignable asset, we see no reason for claiming that in the present case it did not pass to the trustee in bankruptcy, the same as did the stock of cloths or other property belonging to the late firm of Freeman & Freeman; for, by the express provisions of the bankrupt law, such trustee upon his appointment, as of the date when he was adjudged a bankrupt, succeeds to all "property which, prior to the filing of the petition, he could by any means have transferred, or which might have been levied upon and sold under judicial process against him." U. S. Bankr. Act 1898, c. 541, § 70, subd. 5, 30 Stat. 565, 566 [U. S. Comp. St. 1901, p. 3451]. This language is very comprehensive, and is evidently designed to embrace every species of property which a bankrupt may possess, and, if the good will of his business is something which can be either transferred or levied upon, it certainly seems to be included within the express terms of the statute above quoted.

It is asserted in the sixteenth volume of the American & English Encyclopedia of Law (2d Ed.), at page 273, that "the good will of a business is a well-recognized species of personal property, which will pass to a trustee in bankruptcy or insolvency," and this statement of the rule is not without authoritative decisions to support it. Williams v. Wilson, 4 Sandf. Ch. 379; Hegeman & Co. v. Hegeman, 8 Daly, 9; Cutter v. Gudebrod Bros. Co., 44 App. Div. 605–611, 61 N. Y. Supp. 225. In the case last cited this question was not directly passed upon, but it was intimated pretty strongly by the court that, had it been necessary, it would have been held that the defendant therein acquired the right to advertise itself as the successor of the assignor, in a general assignment for the benefit of creditors, by reason of its purchase from the assignee of the assigned estate. But upon the assumption that the good will is an asset, it hardly seems necessary to cite authorities in support of the proposition last advanced; for bankruptcy itself worked a dissolution of the firm of Freeman & Freeman, and, inasmuch as it deprived its individual members of all their interest in the firm property, neither one of them had the right to advertise himself as a successor to the firm, and yet this right continued to exist somewhere, and was vested

in some person, and that person must of necessity have been the trustee of the bankrupt estate. With this much determined, it must be conceded that it passed to the defendants, who, by purchase, secured to themselves the same title which the trustee obtained by operation of law.

It is further urged, however, in opposition to this contention, that the defendants failed to obtain. title because there was no express mention of good will in the property sold to them; but it is virtually conceded that they succeeded to all the bankrupt's estate, and, if so, their purchase embraced the good will of the establishment, although not specifically mentioned therein. Boon v. Moss, supra.

We think it only necessary to add that, if we are right in the views we entertain, the plaintiff has no standing in court to maintain this action, inasmuch as he has parted with any right, title, or interest which he ever had in and to the good will of the firm of which he was formerly a partner. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur; HISCOCK, J., in result.